**CT Corporation**

**Service of Process Transmittal**
04/19/2021
CT Log Number 539414205

**TO:** Natasha Gates
Washington Prime Group Inc.
180 E Broad St Fl 20
Columbus, OH 43215-3714

**RE:** **Process Served in Texas**

**FOR:** Washington Prime Management Associates, LLC (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shirley Ann Williams, Pltf. vs. Washington Prime Group, LP, et al., Dfts. // To: Washington Prime Management Associates, LLC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021590B |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/19/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air<br><br>Image SOP<br><br>Email Notification, Stephen Ifeduba Stephen.ifeduba@washingtonprime.com<br><br>Email Notification, Natasha Gates Natasha.Gates@washingtonprime.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Michael J. Collins
110 N College, Suite
Tyler, TX 75702-7240



9414 7266 9904 2158 6518 94
RETURN RECEIPT REQUESTED



WASHINGTON PRIME MANAGEMENT ASSOCIAT
C/O CT Corporation System, Registered Agent
1999 Bryan Street, STE 900
Dallas, TX 75201

Delivered 05/19/21
Day of April
2021 PSC# 359 Exp 7-31-2022

202 PSC#_____ Exp_____
Day of_____
Delivered this_____

# CITATION
## THE STATE OF TEXAS

TO: **WASHINGTON PRIME MANAGEMENT ASSOCIATES, LLC**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

**Certified Article Number**

**9414 7266 9904 2158 6518 94**

**SENDER'S RECORD**

Defendant in the hereinafter styled and numbered cause: **2021-590-B**

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 124th District Court, Gregg County, at the Courthouse in said County in Longview, Texas. Said Plaintiff's Petition was filed April 05, 2021 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

**SHIRLEY ANN WILLIAMS VS WASHINGTON PRIME GROUP, LP,WASHINGTON PRIME MANAGEMENT ASSOCIATES, LLC,MALL AT LONGVIEW, LLC dba WPG MALL AT LO,DICK'S SPORTING GOODS, INC.**
**Damages**

Filed in said court on this the 5th day of April, 2021.
   Issued and given under my hand and seal of said Court at office, on this the 5th day of April, 2021.

Attorney for Plaintiff:
David E Dobbs
3311 WOODS BLVD
TYLER TX 75707
903-595-1160

Clerk of the Court:
Trey Hattaway
District Clerk, Gregg County, Texas
P.O. Box 711
Longview, TX 75606

Signed: 4/5/2021 12:38:03 PM

By _____Debbie Kinney_____ Deputy.
Debbie Kinney

*********************************************************************************

## Officer/Authorized Person Return

Came to hand on the _____ day of _____, _____, at _____ o'clock __.M., and executed in _____ County, Texas, by delivering to each of the within named, in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the petition at the following times and places, to-whit:

| Name | Date | Time | Place |
|---|---|---|---|
|  |  |  |  |

[ ] Not executed. The diligence use in finding defendant being _____
[ ] Information received as to the whereabouts of defendant being _____
Fees ........... $_____                         _____ Sheriff / Constable _____ County, Texas
                                                     By _____ Deputy/Process Server

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
   "My name is _____, my date of birth is _____, and my address is _____
_____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.
                                                                     _____ Declarant/Process Server
                                                                     _____ ID # and Expiration of Certification

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this Citation was executed by him/her in the exact manner recited on the return.
   Sworn to and subscribed before me on _____, _____.             _____ Notary Public

NO. 2021-590-B

| | | |
|---|---|---|
| SHIRLEY ANN WILLIAMS, <br> Plaintiff, | § <br> § <br> § | IN THE DISTRICT COURT |
| V. | § <br> § | 124th JUDICIAL DISTRICT |
| WASHINGTON PRIME GROUP, LP; <br> WASHINGTON PRIME <br> MANAGEMENT ASSOCIATES, LLC; <br> MALL AT LONGVIEW, LLC DBA <br> WPG MALL AT LONGVIEW, LLC; <br> and DICK'S SPORTING GOODS, INC., <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § | GREGG COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Shirley Ann Williams, hereinafter called Plaintiff, complaining of and about WASHINGTON PRIME GROUP, LP; WASHINGTON PRIME MANAGEMENT ASSOCIATES, LLC; MALL AT LONGVIEW, LLC DBA WPG MALL AT LONGVIEW, LLC and DICK'S SPORTING GOODS, INC., hereinafter called Defendants, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.  Plaintiff, Shirley Ann Williams, is an individual whose address is 13483 CR 1308 Whitehouse, Texas 75791.

3.  The last three numbers of Shirley Ann Williams' driver's license number are 383. The last three numbers of Shirley Ann Williams' social security number are 893.

4.      Defendant WASHINGTON PRIME GROUP, LP (hereinafter "Defendant WPG"), is a Foreign Limited Partnership organized and existing under the laws of Ohio, whose principal office is located at 180 E. Broad Street, 21st Floor, Columbus, Ohio 43215, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service of said Defendant as described above can completed by certified mail, return receipt requested; by personal service; or by any means authorized by law.

5.      Defendant WASHINGTON PRIME MANAGEMENT ASSOCIATES, LLC (hereinafter "Defendant WPMA"), is a Foreign Limited Liability Company organized and existing under the laws of Ohio, whose principal office is located at 180 E. Broad Street, 21st Floor, Columbus, Ohio 43215, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service of said Defendant as described above can completed by certified mail, return receipt requested; by personal service; or by any means authorized by law.

6.      Defendant MALL AT LONGVIEW, LLC dba WPG MALL AT LONGVIEW, LLC (hereinafter "Defendant Longview Mall" or "the Longview Mall"), is a is a Foreign Limited Liability Company organized and existing under the laws of Indiana, whose principal office is located at 180 E. Broad Street, 21st Floor, Columbus, Ohio 43215, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service of said Defendant as described above can completed by certified mail, return receipt requested; by personal service; or by any means authorized by law.

7. Defendant DICK'S SPORTING GOODS, INC. (hereinafter "Defendant Dick's") is a Foreign For-Profit Corporation organized and existing under the laws of Delaware, whose principal office is located at 300 Industry Drive, Pittsburgh, PA 15275-1001, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Service of said Defendant as described above can completed by certified mail, return receipt requested; by personal service; or by any means authorized by law.

8. Additionally, pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff hereby brings suit against all partnerships, unincorporated associations, individuals, entities, and private corporations doing business under the assumed names "Longview Mall" or "Dick's Sporting Goods."

## JURISDICTION AND VENUE

9. The subject matter in controversy is within the jurisdictional limits of this court.

10. As a general matter, Plaintiff's counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiff in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages. Despite all of the foregoing, and despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now provide that a plaintiff must state how much money a plaintiff is seeking in a given suit. Therefore, due to the new rules and pursuant to Texas Rule of Civil Procedure 47, Plaintiff, through counsel, hereby states that she is seeking monetary relief of over $250,000.00. Plaintiff reserves the right to amend based on discovery taken in this case.

11. Venue in Gregg County, Texas, is proper in this cause pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because "all or a substantial part of the events or omissions giving rise to the claim" occurred in Gregg County, Texas.

## FACTS

12. On or about April 28, 2019, Plaintiff was shopping with her granddaughter at Defendant Longview Mall located at 3500 McCann Road, Longview, Texas 75605, and had just exited Defendant Dick's into the Longview Mall.

13. As Plaintiff was walking, she tripped on the corner of a piece of Astroturf that was part of an unattended putting green owned and operated by Defendant Dick's located in the Longview Mall. Plaintiff fell to the floor and was unable to get up on her own. EMS was called and she was transported to the Good Shepherd Medical Center Emergency Room in Longview, where she was diagnosed with a fracture of her left hip.

## PREMISES LIABILITY

14. At all times material hereto, Defendants WPG, WPMA and Longview Mall were the owners and/or possessors of the premises located 3500 McCann Road, Longview, Texas 75605; and Defendant Dick's was the owner of the Astroturf and putting green located in the Longview Mall.

### PLAINTIFF WAS AN INVITEE ON THE PREMISES OF DEFENDANTS

15. At the time of the accident made the basis of this lawsuit, Plaintiff's reason for being on the premises was to patronize Dick's Sporting Goods and other stores and shops located in the Longview Mall. Because Defendants Dick's and the Longview Mall are open to the public, she was an invitee on the premises of the Defendants at the time of the accident made the

basis of this lawsuit to engage in the act of shopping for and purchasing merchandise. Plaintiff entered Defendants' said premises with Defendants' knowledge and for their mutual benefit.

## PLAINTIFF AND DEFENDANTS ARE SUBJECT TO TEXAS HUMAN RESOURCES CODE AND THE TEXAS ACCESSABILITY STANDARDS

16. Plaintiff would show that she is a person with a disability within the meaning of the Texas Human Resources Code Section 121.002(4) and that the Defendants owned, operated, controlled and/or managed the Longview Mall premises where the Astroturf putting green was located as a public facility. The Defendants failed to design, construct, and maintain the Longview Mall premises where the Astroturf putting green was located so as to be accessible to Plaintiff or other such disabled individuals and the premises upon which the Astroturf putting green was located is a public facility in accordance with the Texas Human Resources Code Section 121.002(5). Furthermore, Plaintiff would show that the Longview Mall was a building and/or facility subject to compliance with the Texas Accessibility Standards in accordance with 16 Texas Administrative Code, Section 68.20.

## NEGLIGENCE

17. This accident of April 28, 2019, out of which this suit arises, resulted from the negligence of Defendants in one or more of the following particulars:

A. Failure to comply with the Texas Accessibility Standards, Section 402; 402.1; 402.2; and failure to comply with the Texas Accessibility Standards, Section 403 – 403.1; 403.2; 403.4 (attached as Exhibit "A" hereto and incorporated by reference);

B. Failure to properly supervise personnel, employees, agents, contractors, or servants, who maintained the putting green and Longview Mall premises at the Longview Mall to ensure that the maintenance was done in an adequate manner;

C. Failing to properly train personnel, employees, agents, contractors, and servants who maintained the Longview Mall premises at the Longview Mall where the

    Astroturf putting green was located to ensure that Longview Mall premises were maintained in an adequate manner;

D.  Failure to have policies and procedures in place in regard to the Longview Mall premises and unreasonable risks of harm to foreseeable guests on their business premises. Defendants breached its duty of care in ways including, but not limited to the following:

  1.  In failing to develop and implement adequate procedures and mechanisms to avoid such safety omissions which would pose risks to the safety and welfare of guests on said premises;

  2.  In failing to develop and implement adequate procedures and mechanisms to minimize or avoid risks posed by such omissions to the safety and welfare of guests on said premises; and

  3.  In failing to develop and implement adequate procedures and mechanisms for monitoring and evaluating the Longview Mall premises in order to minimize or avoid risks posed and to avoid such omissions thereby threatening the safety and welfare of guests on said premises.

18.  Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the accident made the basis of this lawsuit, and Plaintiff's injuries and damages.

## VIOLATIONS OF TEXAS HUMAN RESOURCES CODE

19.  In addition to the above, Plaintiff would show that Defendants were in violation of the Texas Human Resources Code. Specifically, Defendants failed to make reasonable accommodations, policies, practices and procedures or provide auxiliary aides and services necessary to allow full use of the enjoyment of the public facility in violation of the Texas Human Resources Code Section 121.003. Defendants have deprived Plaintiff as a person with a disability of her civil liberties in that they failed to make reasonable accommodations, policies, practices and procedures and failed to provide auxiliary aides and services necessary to allow full use of the enjoyment of the public facility. Plaintiff would show that she is entitled to damages

for the violation of the Texas Human Resources Code in accordance with Section 121.004(b) of the Texas Human Resources Code. Plaintiff would further show that, in addition to any other damages Plaintiff is entitled to for this accident, if a violation of the Texas Human Resources Code referenced above is proved, there is a conclusive presumption of damages in the amount of at least $100.00 to the person with a disability.

## INJURIES

20. During the time that Shirley Ann Williams was upon Defendants' property, Shirley Ann Williams was seriously injured as a result of a dangerous condition in that a hazardous condition existed regarding Defendants' Astroturf in the Longview Mall.

## VICARIOUS LIABILITY

21. Defendants knew or reasonably should have known of the condition of the premises. At all times relevant to the above referenced incident the property was equipped with a surveillance system including numerous cameras and monitors.

22. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to do this.

23. Defendants' breach of duty proximately caused injury to Plaintiff which resulted in the following damages: a fracture to her left hip.

24. At all times pertinent herein, Defendants, and any of Defendants' agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

    A.    Failing to properly inspect and maintain the area in question to discover the dangerous condition;

    B.    Failing to maintain the area in a reasonably safe condition;

    C.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the area;

    D.    Failing to give warnings to Plaintiff of the unsafe condition; and

    E.    Failing to remove the Astroturf causing the fall.

25.    Plaintiff would show that at all relevant times, Defendants' agents, servants and employees were acting within the scope of their authority at the time of the incident which makes the basis of this lawsuit. In this regard, by virtue of *respondeat superior,* Defendants are vicariously liable for the negligence, wrongdoing and fault of its agents, servants and employees.

26.    Defendant Dick's was also directly negligent because employees and/or agents failed to properly maintain the Astroturf and putting green that was located in the Longview Mall, despite the fact that they were directly responsible for their own property. Defendants WPG, WPMA, and Longview Mall were negligent in their remedial measures and attention to the problems which Defendants were aware of and which proximately caused the injuries to Plaintiff.

## PROXIMATE CAUSE

20.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, SHIRLEY ANN WILLIAMS

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer a fracture to her left hip, resulting in damages more fully set forth below.

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

> A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the location where the services were performed;
>
> B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
>
> C. Physical pain and suffering in the past;
>
> D. Physical pain and suffering in the future;
>
> E. Physical impairment in the past;
>
> F. Physical impairment which, in all reasonable probability, will be suffered in the future;
>
> G. Loss of earnings in the past;
>
> H. Loss of earning capacity which will, in all probability, be incurred in the future;
>
> I. Mental anguish in the past; and
>
> J. Mental anguish in the future.

## DOCUMENTS TO BE USED

27. Pursuant to Tex. R. Civ. P. 193.3(d) and 193.7, Plaintiff intends to use all documents exchanged and produced between the parties including, but not limited to, correspondence, disclosures, and discovery responses, during the trial of the above entitled and numbered cause.

## REQUEST FOR DISCLOSURE

28. Pursuant to Tex. R. Civ. P. 194(a), Plaintiff requests the Defendants to disclose, within the time prescribed by the rules, the information and material described in Tex. R. Civ. P. 194.2(b). Plaintiff specifically requests that the Defendants produce responsive information and documents at the undersigned's law office.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Shirley Ann Williams, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: */s/ David E. Dobbs*
    David E. Dobbs
    Texas Bar No. 05913700
    Email: david@dobbsporterlaw.com
    Gregory S. Porter
    Texas Bar No. 24002785
    Email: greg@dobbsporterlaw.com
    **DOBBS & PORTER, PLLC**
    3311 Woods Blvd
    Tyler, TX 75707
    Tel. (903) 600-4878
    Fax. (903) 595-1999
    **Attorneys for Plaintiff**
    **Shirley Ann Williams**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

EXHIBIT "A"

## CHAPTER 4: ACCESSIBLE ROUTES

### 401 General

**401.1 Scope.** The provisions of Chapter 4 shall apply where required by Chapter 2 or where referenced by a requirement in this document.

### 402 Accessible Routes

**402.1 General.** Accessible routes shall comply with 402.

**402.2 Components.** Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

> **Advisory 402.2 Components.** Walking surfaces must have running slopes not steeper than 1:20, see 403.3. Other components of accessible routes, such as ramps (405) and curb ramps (406), are permitted to be more steeply sloped.

### 403 Walking Surfaces

**403.1 General.** Walking surfaces that are a part of an accessible route shall comply with 403.

**403.2 Floor or Ground Surface.** Floor or ground surfaces shall comply with 302.

**403.3 Slope.** The running slope of walking surfaces shall not be steeper than 1:20. The cross slope of walking surfaces shall not be steeper than 1:48.

**403.4 Changes in Level.** Changes in level shall comply with 303.

**403.5 Clearances.** Walking surfaces shall provide clearances complying with 403.5.

> **EXCEPTION:** Within employee work areas, clearances on common use circulation paths shall be permitted to be decreased by work area equipment provided that the decrease is essential to the function of the work being performed.

**403.5.1** Clear Width. Except as provided in 403.5.2 and 403.5.3, the clear width of walking surfaces shall be 36 inches (915 mm) minimum.

> **EXCEPTION:** The clear width shall be permitted to be reduced to 32 inches (815 mm) minimum for a length of 24 inches (610 mm) maximum provided that reduced width segments are separated by segments that are 48 inches (1220 mm) long minimum and 36 inches (915 mm) wide minimum.